**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-230-KKC

MICHAEL R. PAGE                                                                      PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, WARDEN, ET AL.                                 RESPONDENTS

   Michael R. Page, who is confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

   This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

   This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

   The named respondents are: (1) Suzanne Hastings, the warden of USP-Big Sandy; (2) the United States Parole Commission ("USPC"); and (3) the United States of America.

CLAIMS

The petitioner alleges that his due process rights, under the Fifth Amendment of the United States Constitution, have been violated by the USPC's refusal to grant him yearly parole release hearings under relevant provisions of the District of Columbia ("D.C.") Code.  He contends that he is being held in federal custody in violation of the Fifth Amendment.  He further alleges that the USPC's decision not to grant him a parole consideration hearing violates his right to freedom of speech under the First Amendment of the United States Constitution.

ALLEGATIONS OF THE PETITION
1. Factual Allegations

The petitioner states that he received a life sentence in the D.C. Superior Court.  He neither specifies when he received that sentence, nor what the offense (or offenses) were of which he was convicted.[1]  Although the facts are not entirely clear, it appears that the petitioner alleges that the last yearly parole release eligibility hearing he received was in 1994.  He alleges that at that time parole was denied, and that on July 15, 1996, he would receive a parole release eligibility hearing.[2]

It appears that the petitioner alleges that since 1994, the USPC has consistently failed and refused to grant him a parole release eligibility hearing.  The attachments to the petition reflect that

---

[1] The petitioner did not elaborate as to the nature of his offense(s).  However, the USPC "Notice of Action" letter dated November 29, 2001, attached to the §2241 petition, states that the petitioner's original offense ". . . involved Murder II and a separate offense that involved Assault with a Deadly Weapon and a third that involved Murder." [*Id.*] That "Notice of Action" letter further states that the petitioner had a history of an escape from the Sussex II State Prison and an altercation with a staff member.

[2] The July 21, 1994 "Notice of Board Order" attached to the petition states under the heading of "Special Instructions for Reconsideration" that the the petitioner was placed on "work detail, program participation."  Under the heading of "Remarks," the Board Order states as follows:

> "Set off based upon instant offense involved ongoing criminal behavior, and need for programs and rehabilitative services to minimize risk to the community when actually released to parole."

the USPC consistently denied parole for the petitioner. They also reflect that in 2001, 2002, 2003, and 2005, the USPC scheduled his parole eligibility hearings for two-year intervals, not one year.

In the "Notice of Action Letters" dated August 12, 2003, and July 1, 2005, both of which are attached to the petition, the USPC explained the reasons it denied the petitioner a yearly parole eligibility hearing. First, the USPC explained that the underlying offenses involved a shooting and robbery at gunpoint. Second, the USPC noted that although the petitioner had been given a chance to reintegrate into the community through placement in a work release program, he had forcibly escaped after displaying a weapon. The USPC concluded that "These multiple acts of violence make you a serious risk to release to the community." [*Id*.] When the USPC denied parole in its "Notice of Action" letter dated July 5, 2005, it scheduled a rehearing for May *2007*, 24 months from the date of the petitioner's most recent May, 2005 parole consideration hearing.

## 2. Legal Arguments

The District of Columbia's parole statute is now codified at D.C. Code §24-404(a) (2001). The petitioner argues that pursuant to the provisions of this statute, he has a legally protected Fifth Amendment due process right in having a *yearly* parole eligibility hearing.[3] D.C. Code 24-404(a) provides in relevant part:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that [the inmate] has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe.

---

[3] The petitioner actually referred to D.C. Code §24-*204(a)*(1996), the prior version of §24-404(a), as authority for his claim that he is entitled to yearly parole eligibility hearings.

3

D.C. Code §24-404(a) (2001).

Petitioner complains that the USPC has scheduled a set-off date in 2007, instead of a set-off date in one year, 2006.[4] The petitioner cites numerous cases as further authority for his argument. The citations include, but are not limited to *Johnson v. Williford*, 821 F. 2d 1279 (7th Cir. 1987); *Cosgrove v. Smith*, 607 F.2d 1125 (D.C. Cir. 1983); *Walker v. Luther*, 830 F.2d 1208 (2d Cir. 1987); and *Brewer v. Swinson*, 837 F. 2d 802 (8th Cir. 1988).

### RELIEF REQUESTED

The petitioner seeks release from federal custody.

### DISCUSSION
#### 1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

#### 2. Dismissal on the Merits

As an initial matter, under the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §1123(a)(1), 111 Stat. 712, 745, Congress

---

[4] A "set-off date" is defined as the date on which a prisoner is to be considered for parole. *Hammond v. Quick*, 829 A.2d 509 (D.C. 2003). "Set-off dates" are based on the length of the prison sentence being served, and are codified at 28 DCMR §104.1 (prisoners serving less than five years) and §104.2 (prisoners serving more than five years).

transferred the authority of the D.C. Parole Board to the USPC. *See Noble v. United States Parole Commission*, 194 F.3d 152, 153 n. 1 (D.C .Cir.1999). The D.C. Parole Board was abolished and the USPC assumed responsibility for making parole determinations for D.C. Code offenders. *See* D.C. Code §24- 131 (2001). Thus, D.C. prisoners are now detained in federal custody. *Id*. at 153; *Forrester v. U.S. Parole Com'n*, 310 F. Supp.2d 162, 170 (D.C. Cir. 2004).

The petitioner's allegation that the USPC's decision violated the Fifth Amendment fails for two reasons. First, numerous D.C. decisions have rejected the argument that the denial of a parole eligibility hearing deprives a prisoner of his right to due process of law under the Fifth Amendment. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C. Cir. 1998) (D.C. parole statutes and related municipal regulations do not create a liberty interest subject to due process protection under *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S. Ct. 2100 (1978)); *Brown-Bey v. Hyman*, 649 A.2d 8, 10 (D.C.1994) (noting after *Greenholtz* analysis that "the Board's determination of an appropriate set-off date does not implicate due process considerations"); *White v. Hyman*, 647 A.2d 1175, 1179-81 (D.C.1994) (concluding, after analyzing D.C. Code §24-204(a) and 28 D.C. Municipal Regulation ("DCMR") §104.11, that the District does not confer a liberty interest under *Greenholtz*); and *Jones v. Braxton*, 647 A.2d 1116, 1117 (D.C.1994) (per curiam) (holding that a person sentenced to adult parole has no liberty interest to a set-off date under the Due Process Clause).[5]

"Because the statute and regulation vest in the Board [now, the USPC] substantial discretion

---

[5] These cases predated *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (2005). *Sandin* held that state-created liberty interests are to be generally limited to freedom from restraint which imposes an "atypical and significant" hardship on an inmate, in relation to the ordinary incidents of prison life. *Id.,* 115 S. Ct. at 2300.

in granting or denying parole," prisoners generally have no statutory or constitutional interest in a parole reconsideration date. *White v. Hyman*, 647 A.2d at 1180; *see also Jones v. Braxton*, 647 A.2d at "[U]nless the state can be said to have placed ... a substantive limitation on the exercise of official discretion," a failure to follow a guideline or any other non-binding guidance cannot be characterized as a deprivation of liberty. *See Hall v. Henderson*, 672 A.2d 1047, 1051 (D.C.1996).

Second, the Guidelines upon which the USPC relies give it broad discretionary power in making parole eligibility determinations. Such discretionary power eliminates any argument that the petitioner has a protected liberty interest in a yearly parole consideration hearing.

The petitioner specifically complains that on July 1, 2005, the USPC recommended a two-year set-off date, in May, 2007, instead of recommending one in 2006. The old D.C. Parole Board utilized a set of Guidelines which were adopted on April 27, 1992, "to ensure consistency and equity in the establishment of parole reconsideration dates." [Board of Parole, Policy Guidelines § II (April 27, 1992)] For prisoners serving terms of five or more years, such as the petitioner, §104.2 provides for a one-year set-off (reconsideration) date.[6]

Under these Guidelines, however, the prescribed one-year set-off dates are not sacrosanct. Recognizing that the prescribed set-offs may not be suitable for every inmate denied parole, §104.11 of the DCMR provides as follows:

> Notwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate.

---

[6] 28 DCMR §104.2 provides as follows:

When the Board denies parole and orders reconsideration for a person serving a maximum sentence of five (5) years or more, reconsideration shall ordinarily occur within twelve (12) months.

6

*Id.*, §104.11.

In *Hall v. Henderson*, 672 A.2d 1047, 1052, the D.C. Court of Appeals discussed the discretionary powers vested with the Board in applying the Guidelines. *Hall* states as follows:

> *Similarly, the Board's Guidelines, rather than requiring the Board to apply the set-offs prescribed in §§ 104.1-104.2, also give the Board discretion to deviate from the prescribed set-offs*. The "Rationale" for the Guidelines includes enabling the Board, in its discretion, to "establish a reconsideration date outside the prescribed set-offs *where certain factors exist*." Guidelines § V.  Consequently, the overall "Policy" of the Guidelines on scheduling parole hearings after a parole denial is stated as follows:
>
>   A. Set-offs When Parole is Denied:
>
>   1. When the Board denies parole for any offender, it shall ordinarily schedule a reconsideration date within the prescribed set-offs *unless certain factors support imposition of an alternative set-off*.  The length of the set-off is based on the term of the sentence imposed by the courts, and may not exceed the date on which release from incarceration becomes mandatory. . . .
>
>   2. The Board, *in its discretion,* may schedule a reconsideration date *later* than the prescribed set-off if one or more *aggravating* factors are present. . . .
>
>   3. The Board, in its discretion, may schedule a reconsideration hearing date *prior* to the prescribed set-off if one or more *mitigating* factors are present . . . .
>   *Id*. § VI(A)(2).

*Hall v. Henderson*, 672 A.2d at 1052 (Emphasis Added).

*Hall* continues that the Guidelines establish a number of "aggravating" and "mitigating" factors to assist the Board [now, the USPC] in deciding whether to schedule a set-off of longer or shorter duration than the prescribed set-offs. *Id*. In cases where a longer than prescribed set-off date might be more suitable, the Guidelines allow the Board [now, the USPC] to consider "aggravating" factors such as "failure under any form of community supervision (such as a diversion program)." Guidelines, §VI (A)(2).

In the instant proceeding, the USPC noted in its 2001, 2002, 2003, and 2005 "Notice of Action" letters that the petitioner had not only escaped from a CCC (Community Corrections Center), he had also engaged in an altercation with a staff member. Clearly, that conduct specifically constituted a "mitigating factor" under §VI (A)(2) of the Guidelines and supported the USPC's discretionary authority to schedule a two-year set-off date for the petitioner.

Furthermore, the *Hall* opinion states that the Guidelines expressly provide that the list of "aggravating factors" which the Board [USPC] might consider is *not* limited to the list set forth in §VI(A)(2) of the Guidelines. *Id.*[7] Accordingly, the USPC further noted another factor, in bold print, which warranted a two-year set-off date. The USPC discussed that in addition to the escape from a CCC, the petitioner's underlying offenses of Murder II While Armed; Assault While Armed; and Robbery involved acts of violence. Using its discretionary powers established in the Guidelines, the USPC was justified in considering the violent nature of the petitioner's convictions when it evaluated whether a one-year set-off was justified. The USPC determined that under the specific facts at issue, grounds existed to defer the petitioner's next set-off date until 2007.

Without a liberty interest, the plaintiff has no due process claim. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656

---

[7] The *Hall* decision states as follows:

> "While the Guidelines, therefore, do require the Board to have some basis for deviating from the prescribed set-offs, they plainly do not place "substantive limitations," *Olim v. Wakinekona*, 461 U.S. [238], 249, 103 S.Ct. [1741], 1747 [(1983)], on the Board's discretion to schedule a set-off date outside those that the regulations prescribe. The Guidelines undoubtedly reflect, rather than limit, the discretion that the District's municipal regulations and parole statute already vest in the Board's set-off determinations, *see White*, 647 A.2d at 1180; *Brown-Bey*, 649 A.2d at 10; *Jones*, 647 A.2d at 1117, and in its parole decisions generally, see *McRae v. Hyman*, 667 A.2d 1356, 1361 (D.C. December 7, 1995) (District's numerical scoring system does not limit Board's discretion to grant or deny parole); *White*, 647 A.2d at 1180 (District has substantial discretion to grant or deny parole).

*Hall v. Henderson*, 672 A.2d 1047, 1053.

(6th Cir.1993). Due process rights are only triggered by the deprivation of a legally cognizable property interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). The Court has already discussed and determined that the petitioner has no liberty interest in being paroled, under the Fifth Amendment and D.C. case law. *See also Sandin v. Conner*, 115 S. Ct. at 2300.

Finally, the plaintiff's contention that his failure to obtain a yearly parole consideration hearing violates his First Amendment right of freedom of speech simply lacks merit. While it is true that incarceration does not strip inmates of all constitutional protections, *see Turner v. Safley*, 482 U.S. 78, 84 (1987), it is clear that the constitutional rights of inmates are "more limited in scope than the constitutional rights held by the individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 229, 121 S. Ct. 1475 (2001). As the petitioner has no right to a yearly parole hearing under the Fifth Amendment, he likewise has no right to a yearly parole hearing under the First Amendment.

The petition fails to state a constitutional claim upon which relief can be granted. It will be dismissed with prejudice. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** that Michael R. Page's petition for writ of habeas corpus is **DENIED**. This action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 10th day of November, 2005.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**